IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDI GONZALEZ MELENDEZ,　　　　:　　No. 3:26cv2127
　　　　Petitioner

　　　　　　　　　　　　　　　　　　:　　(Judge Munley)

　　　　　　　　　　　　　　　　　　:

　　v.　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　:

WARDEN, Pike County Correctional　:
Facility,

　　　　Respondent　　　　　　　　　:

## <u>ORDER</u>

On July 29, 2026, the Clerk of Court docketed Fredi Gonzalez Melendez's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 at the above docket number. (Doc. 1).  This is Gonzalez Melendez's second petition challenging his detention at Pike County Correctional Facility by Immigration and Customs Enforcement.

On July 9, 2026, the court denied Gonzalez Melendez's first petition because he sought to compel his release from immigration detention despite alleging no constitutional defect in the bond hearing he received on April 6, 2026. <u>Gonzalez Melendez v. Mullin</u>, No. 3:26CV1490, 2026 WL 1990444, at *2 (M.D. Pa. July 9, 2026) (citing 8 U.S.C. § 1226(e) and <u>Borbot v. Warden Hudson Cnty. Corr. Facility</u>, 906 F.3d 274, 279 (3d Cir. 2018)).

Applying the Rules Governing Section 2254 Cases in The United States District Courts to the instant petition, see Rule 1(b), the court conducts a preliminary review of Gonzalez Melendez's allegations, see Rule 4. Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review, Gonzalez Melendez's second *pro se* petition makes substantially the same claim as one asserted in his first counseled petition, even when liberally construed. That is, he complains of the length of his immigration detention and cites due process concerns.

Regardless of how the court construes the petition, however, Gonzalez Melendez is precluded from asserting this claim. There is no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." Borbot, 906 F.3d at 277. To the extent that Gonzalez Melendez has provided evidence to demonstrate his lack of danger, his low risk of flight, and the extreme hardship suffered by his four children who are United States citizens, (Docs. 2–8), the court is precluded from directly reviewing the IJ's decision to deny bond under 8 U.S.C. § 1226(e) absent allegations that the bond hearing itself was conducted in a manner that violated the petitioner's

constitutional rights. Id. at 279; Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *3 (3d Cir. Feb. 25, 2022); Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 76 (3d Cir. 2019).

Furthermore, by law, a Section 2241 petition is not subject to the gatekeeping mechanisms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including bars on second or successive petitions. Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 441 (3d Cir. 2021); see also 28 U.S.C. §§ 2244(b), 2255(h). However, a Section 2241 habeas petition is still subject to the abuse of the writ doctrine. Id. The abuse of the writ doctrine is "a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions[,]" McCleskey v. Zant, 499 U.S. 467, 489 (1991), which define "the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus[,]" id. at 470. Under that doctrine, prior adjudications bear "vital relevance" in the court's discretion to determining whether to consider a petition for writ of habeas corpus. Id. at 482 (discussing Wong Doo v. United States, 265 U.S. 239 (1924)). Application of the abuse of the writ doctrine should also "be expected to yield a resolution in harmony with AEDPA." Anariba, 17 F.4th at 441 (quoting Zayas v. I.N.S., 311 F.3d 247, 255 (3d Cir. 2002)).

3

On the face of Gonzalez Melendez's petition, there are no allegations amounting to a change in circumstances from just a few days ago. Other than comporting his allegations to correspond with a form petition, and supplying additional documents about his family's circumstances, the instant petition is the same as the petition decided last month. The abuse of the writ doctrine also warrants denial of the petition. Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) Gonzalez Melendez's petition for writ of habeas corpus, (Doc. 1), is **DENIED**;

2) Nothing in this order precludes the filing of any future petition that raises appropriate grounds for relief that were not already raised and recently decided; and

3) The Clerk of Court is directed to close this case.

Date: 7/30/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

4